GOULD, Circuit Judge,
dissenting:
Although I agree with the majority’s framework for interpreting the Department of Interior’s governing regulation in Part II, I disagree with the majority’s analysis in Part III, which for me is the crux of the case. In Part III, the majority holds that because no Washington case or statute has adopted the testamentary exception to the attorney-client privilege, the exception is not a “generally accepted” rule of evidence as required by 43 C.F.R. § 4.232(a). The majority then concludes that the general attorney-client privilege, set forth in Wash. Rev.Code § 5.60.060(2)(a), is a “generally accepted” rule of evidence that prevents disclosure of the subpoenaed documents.
The discovery of these documents is not merely technical, nor is an error on the scope of attorney-client privilege here likely harmless. It goes to justice between the parties, as the quashed discovery might have shed light on whether a testator who in old age cut her grandchildren out of her will and left everything to a single great-grandchild may have been of unsound mind or unduly influenced in the revision of her will. On the other hand, if the discovery shows nothing of this, then it benignly clears the cloud of this litigation that otherwise may mar the great-grandchild’s inheritance.
Probably since before the onset of recorded history, there have been occasions where the aged and mentally infirm have been unduly influenced in disposition of their assets before they died. The federal common law and the law of states that have addressed this issue by statute make a testamentary exception to the otherwise applicable attorney-client privilege, and thus permit discovery about a testator’s communications with her attorney in the act of revising a will. The Supreme Court of the State of Washington has previously adopted exceptions to the statutory attorney-client privilege, and I believe that if it reached the privilege issue presented by this case, the Washington State Supreme Court would probably recognize a testamentary exception as a limit on the scope of attorney-client privilege.
Given this setting, and the demands of justice, two courses are permissible in this case, and I regret neither is taken by the majority. First, addressing the needs of the case before us, I would certify to the Washington State Supreme Court for its binding decision the question whether attorney-client privilege under Washington law bars the discovery that was sought in this case, or if conversely there is a testamentary exception to the attorney-client privilege that would permit the discovery to proceed.[1] The majority dismisses certification in its footnote 10, noting the federal regulation’s command only to follow “generally accepted” state law, within the meaning of 43 C.F.R. § 4.232(a), because *927 the majority does not see how we can certify that “local law” is not “clearly determined” within the meaning of Wash. Rev.Code § 2.60.020, as we interpret whether any “generally accepted” state privilege law bars the discovery. The majority errs in its view of this certification statute. If the Washington State Supreme Court does not wish to accept a certified question, it will pass. Yet the Washington State Supreme Court, with its keen eye for discerning justice, may wish to address directly the issue whether a testamentary exception permits the requested discovery that may impact an estate and persons within the State of Washington. It is not impermissible to certify that local law has not been clearly determined, as we interpret whether the ALJ had to apply a rule of attorney-client privilege to preclude issuance of the subpoena to the testator’s Washington lawyer. To the contrary, it is ill-advised to apply Washington law without such an exception before permitting the state’s highest court to step in and decide the matter for us.[2]
Second, there is a way to assess this case without certification. It is to recognize that one cannot sensibly conclude that the law of attorney-client privilege is clearly established as applied to a testamentary setting when the Washington State Supreme Court has never ruled, one way or the other, on whether there is a testamentary exception to the privilege. The application of law requires consideration of both rule and exception. The latter is genuinely at issue when state law is undecided on whether there is a testamentary exception. A general rule of law of privilege cannot correctly be said to be generally accepted in the testamentary setting. This is perhaps a juristic philosophical issue on which reasonable judges may differ, but considering the real world consequences for those who challenge Covington’s will and the purported beneficiary, I do not accept the majority’s conclusion that the Washington attorney-client privilege is generally accepted state law as applied to this case in its testamentary setting.
Absent certification and acceptance of the issue, I would consider whether there is a “generally accepted” rule of evidence under Washington law that governs the discovery of communications between an allegedly incompetent testator and her attorney. Because the state statute on attorney-client privilege does not address this situation, see Wash. Rev.Code § 5.60.060(2)(a), and because the Washington State legislature and the Washington State Supreme Court have not spoken on the precise matter, we should reasonably conclude that there is no applicable “generally accepted” state rule of evidence, and thus the Department of Interior’s ALJ was free to apply the federal common law recognizing an exception in this setting to the attorney-client privilege.
On these grounds, I respectfully dissent.

. The Washington State Supreme Court's clarifying its law on this issue, on which Washington law is not now clearly determined, would provide benefits for the bench and bar in the State of Washington in other cases as well.

. The majority in its footnote 10 urges that the ALJ in the OHA proceeding could not certify questions under Washington law; but that fact does not detract from our ability to certify the key question for the Washington State Supreme Court’s decision.